MARRERO, APPELLANT, *v.* REGISTRAR OF MAYAGÜEZ, RESPONDENT

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 329.—Decided July 28, 1917.

DOMINION TITLE—RECORD OF TITLE.—A registrar is fully justified in refusing to record a decree of the court adjudging the petitioner to be the owner of a property when it appears beyond reasonable doubt from the records of the registry that the land may form part of another and larger recorded property, both properties emanating from the same source and having the same boundaries at certain points, notwithstanding the fact that the maternal surname of the original owner was shown to have been omitted in the *ex parte* proceedings had before the court.

The facts are stated in the opinion.
*Mr. Angel A. Vázquez* for the appellant.
The respondent appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In the District Court of Mayagüez Pedro Marrero Alfonso was adjudged to be the owner of three properties including the following:

"(*a*) Rural property, containing 59 *cuerdas,* dedicated to pasture, sugar cane and fruits, with a wooden tile-roofed house, used as a store, situated in the ward of Río Hondo, of Mayagüez, bounded on the north by a neighborhood road and Ricardo Acosta, on the south by the Río Hondo river and Juan Lebrón, on the east by Sixto Más and on the west by Luis Alfonso. The area of said property ex-

pressed in terms of the metric system is 23 hectares, 18 ares and 70 centiares.''

A certified copy of the decree having been presented in the registry of property for record, the registrar refused to record the same as to the above-described property, ''because it was observed that at folio 106 over of volume 2 of this city, property No. 114, third inscription, the ownership of a rural property of 188 *cuerdas* situated in the same ward of Río Hondo, appears of record in favor of persons other than the petitioner, to wit, Eusebio, Luis, José Vicente, Nicolás Toletino, Pablo Regalado and Luisa Cabeza, who acquired the same by inheritance from their natural mother Felipa Cabeza who had purchased it from José Alfonso González, * * * there being reasonable grounds to suppose that the 59 *cuerdas,* record of which is sought, is part thereof and that by such entry the record of the said property No. 114 may become partially canceled, as both properties come from the same source and are bounded by the river and the road.''

From this ruling petitioner appeals.

The record shows that the property of 59 *cuerdas* referred to, situated in Río Hondo, bounded by a neighborhood road and by the Río Hondo river, was acquired by petitioner by purchase from Pedro Alfonso, Luis Alfonso and Eusebio Cabeza, who derived it by inheritance from Felipa Cabeza, their natural mother; and that she acquired it in turn, more than forty years ago, by purchase from José Alfonso. But it also appears from the registry that a property of 188 *cuerdas,* also situated in Río Hondo, bounded by the neighborhood road and by the same river, was acquired by *Eusebio, Luis,* José Vicente, Nicolás Tolentino, *Pedro* Regalado and Luisa Cabeza by inheritance from Felipa Cabeza, who had acquired by purchase from José Alfonso González. The only difference is that from the dominion title proceedings it appears that Felipa Cabeza acquired from José Alfonso, while according to the registry she acquired from José Alfonso

González. Prima facie, the variance in names may be attributed to an omission in the *ex parte* court proceeding of the latter half of the surname of José Alfonso González, and the alleged discrepancy amounts to the distinction "twixt tweedledum and tweedledee."

The facts outlined suffice without comment to distinguish this case from that of *Panzardi* v. *Registrar of Mayagüez, ante*, p. 166, and in the total absence of any showing to the contrary, plainly indicate the probable identity of the two properties. It follows that the registrar was fully justified in refusing to record the decree as to the property in question.

The registrar should deny the record not only when he is fully certain that the right sought to be recorded has already been recorded in the name of a person other than the one who makes the transfer, but also when he has a reasonable and well-founded doubt thereon. *Díaz* v. *The Registrar*, 16 P. R. R. 261; *Morales* v. *The Registrar*, 15 P. R. R. 680.

The ruling, in so far as the same is complained of, must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.